UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-510 (CKK) |
| | : | |
| JANET WEST BUHLER, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION FOR EARLY TERMINATION OF PROBATION**

The United States, by and through counsel, respectfully files this Memorandum in Opposition to the Defendant's Motion for Early Termination of Probation and for Return of Her Passport, ECF No. 42. As explained below, early termination of the defendant's probation is not merited here and is not supported by the 18 U.S.C. § 3553(a) factors. The defendant has presented no justification for early termination other than mere compliance with the terms of her probation. At sentencing, this Court balanced the § 3553(a) factors and imposed a sentence that included three years of probation. These factors continue to counsel in favor of the defendant completing her probationary term. Accordingly, the Motion should be denied.

I.   Background

The factual background for this case is set forth in the government's sentencing memorandum, ECF No. 35.

While on Capitol grounds, the defendant heard loud flashbangs, saw smoke wafting through the air, saw rioters scaling and destroying the inaugural stage's scaffolding, and watched rioters violently push past a line of officers at the top of the northwest stairs. She unlawfully entered the Capitol building through the Senate Wing Door and walked through the Capitol for almost a half-hour. She walked through the Crypt, Rotunda, East Rotunda doorway, the Capitol's

third floor, and the hallways around the Senate Chamber. She was also one of only few rioters to make their way into the Senate Gallery. While inside the Capitol, the defendant took photographs, which she later deleted from her phone, and cheered as rioters violently assaulted and overran officers guarding the East Rotunda Doors.

On January 13, 2022, the defendant pled guilty pursuant to a plea agreement to Count Five of the Information—Parading, Demonstrating, or Picketing in a Capitol Building, in violation of § 5104(e)(2)(G). *See* Minute Entry (Jan. 1, 2022); ECF Nos. 25 (Statement of Offense), 26 (Plea Agreement).

On June 1, 2022, the Court sentenced the defendant to 30 days' incarceration, 36 months of probation, $500 in restitution, and a $10 special assessment. The defendant completed her term of incarceration on September 8, 2022. Her term of probation commenced that same day and is set to expire on September 17, 2025.

II.     Argument

A. Early Termination Standard

Pursuant to 18 U.S.C. § 3564(c), a court has discretion to terminate a term of probation imposed in a misdemeanor case at any time "if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). In making this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *Id.*; *see also United States v. Hartley*, 34 F.4th 919 (10th Cir. 2022) (holding that a district court must make individualized determinations based on the applicable statutory criteria before responding to a request to modify a sentence); *cf. United States v. Ferrell,* 234 F. Supp. 3d 61, 63 (D.D.C. 2017) (same holding for considering early termination of probation in felony case).

2

Courts have routinely held that mere compliance with the conditions of probation without more does not warrant early termination. *See e.g.*, *United States v. Suarez*, 21-cr-205 (DLF), 11/9/23 Minute Entry ("As courts in this district have previously held, 'good behavior alone' is generally 'insufficient to warrant early termination' of probation.") (citing *United States v. Parker*, 219 F. Supp. 3d 183, 191 (D.D.C. 2016)); *United States v. Wesley*, 311 F. Supp. 3d 77, 81–82 (D.D.C. 2018) ("even perfect compliance with conditions of release does not qualify as 'exceptionally good behavior' warranting early termination"); *United States v. Gionet*, No. 22-cr-132, ECF No. 88 at 2 (D.D.C. Feb. 9, 2024) (denying motion to terminate probationary term of unlawful split sentence, noting that defendant's "compliance with his probation conditions is commendable, but it is also expected"); *United States v. Hemphill*, No. 21-cr-555, 2024 WL 578977, at *3 (D.D.C. Feb. 13, 2024) (denying motion to terminate probationary term of unlawful split sentence, noting that "adhering to the conditions of probation 'is not exceptional such that it requires early termination of probation' because doing so 'was ordered by the Court, and compliance is expected'")..

Two published cases in the similar supervised release context provide useful guidance. In *United States v. Longerbeam*, 199 F. Supp. 3d 1 (D.D.C. 2016), the court explained that in this circuit, either "changed circumstances" or "something of an unusual or extraordinary nature in addition to full compliance" is needed to justify early termination of supervised release because otherwise the exception would "swallow the rule." *Id*. at 2 (citing *United States v. Mathis–Gardner*, 783 F.3d 1286, 1288 (D.C. Cir. 2015), *United States v. Lussier*, 104 F.3d 32, 32 (2d Cir. 1997) and *United States v. Etheridge*, 999 F. Supp. 2d 192 (D.D.C. 2013)). And in *United States v. Mathis–Gardner*, 110 F. Supp. 3d 91, 93–94 (D.D.C. 2015), the court explained that in spite of the defendant's argument that she had taken dramatic steps to give back to her community since

3

her release from prison, early termination was not in the interest of justice based on the need for supervised release to serve as punishment and a general deterrent.

Similarly, Judge Friedrich recently denied a January 6 defendant's request for early termination of probation in *United States v. Saurez*. *See Suarez*, No. 21-cr-205 (DLF), 11/9/23 Minute Entry. There, as here, the defendant had pled guilty to a single count of Parading, Picketing, or Demonstrating in the Capitol Building under 40 U.S.C. § 5104(e)(2)(G). The defendant sought early termination of probation after completing her community service, which the court recognized and commended: "The Court is pleased to see that the defendant has completed her community service, fully complied with the terms of her probation, engaged in productive mental health therapy, and opened a new business." *Id.* Yet, the court denied the defendant's request, because "the defendant's offense -- participation in the January 6 riot -- was exceptionally serious; in view of the nature of the defendant's offense, early termination would not promote respect for the law, provide just punishment, or afford adequate general deterrence." *See id.*

### B.  The § 3553(a) factors do not support early termination.

In her motion, the defendant seeks to end her 36-month term of probation after serving only approximately two years. The defendant's scant basis for her request is her mere compliance with conditions of release.[1] This is not a sufficient basis for early termination, and her motion should be denied.

The § 3553(a) factors also do not support early termination of probation in this case. Given the seriousness of the events of January 6, 2021, the functional sentence that the defendant requests

---

[1] The defendant's motion makes a passing reference to the D.C. Circuit's decision in *United States v. Little*, 78 F. 453, 461 (D.C. Cir. 2023), but does not premise her request for early termination on *Little*'s holding that a split sentence such as the one imposed in this case is illegal. In any event, early termination is not the appropriate remedy for an illegal split sentence. Indeed, as reflected in *Little*, the proper remedy is to vacate the illegal sentence so that the defendant may be resentenced

here would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense. *See Suarez*, No. 21-cr-205 (DLF), 11/9/23 Minute Entry. These are not run-of-the-mill misdemeanor cases; they are serious offenses that were committed during an unprecedented riot that threatened the peaceful transfer of power. And with the 2024 elections looming, the government is acutely aware of the need to deter future criminal conduct and submits that an early termination of the defendant's probation when only two-thirds complete would not adequately deter other would-be offenders from engaging in similar conduct in the future.

As the government explained in its sentencing memorandum, the defendant did not simply enter and leave the Capitol building during the riot. She entered and remained in the Senate Gallery—a sensitive area of the Capitol—just 30 minutes after Senators and the Vice President had to be evacuated from the chamber. She cheered assaults on law enforcement. And she deleted photos of the Capitol from her phone. The Court's sentence, including the 36 months of probation, appropriately addressed the statutory sentencing factors. The Court's sentence was designed to reflect the severe nature and circumstances of the defendant's actions as well as the clear need for specific deterrence in this case. The needs for general deterrence and promoting respect for the rule of law similarly continue to counsel in favor of a clear message that the conduct that occurred on January 6, 2021 cannot be tolerated by a democratic nation. The defendant fails to raise any new circumstances that undermine the Court's original 3553(a) analysis.

---

to a lawful term. *Id.* at 461 ("So we vacate Little's sentence and remand to the district court for resentencing."). The government has fully briefed the *Little* resentencing issue for this Court in *United States v. Vogel*, No. 21-cr-56 (CKK), ECF No. 57. A number of other district court judges have denied motions for early termination in this exact context. *See, e.g.*, *United States v. Rader*, No. 22-cr-57, 2024 WL 474535 (D.D.C. Feb. 7, 2024); *Gionet*, No. 22-cr-132, ECF No. 88 (D.D.C. Feb. 9, 2024); *United States v. Pryer*, 21-cr-667, 2024 WL 1050638 (D.D.C. Feb. 11, 2024); *Hemphill*, No. 21-cr-555, 2024 WL 578977 (D.D.C. Feb. 13, 2024); *United States v. Bronsburg*, No. 21-cr-144, Minute Order (D.D.C. Feb. 26, 2024).

*C. The interests of justice do not support early termination.*

After careful consideration of the 3553(a) factors, the court "impose[d] a sentence sufficient, but not greater than necessary, to comply with the purpose of [the sentencing statute]." 18 USC 3553(a). Granting the requested relief would allow defendant to escape the full penalty for her crime, as assessed by the Court. *United States v. Hemphill*, No. 21-cr-555, 2024 WL 578977, at *4 (D.D.C. Feb. 13, 2024) (noting that "[t]he interest of justice might arguably disfavor early termination" in a split sentence case "because that would result in the defendant ultimately receiving an amount of punishment less than what the Court initially found appropriate under the § 3553(a) factors").

*D. The defendant's request for the return of her passport.*

The defendant also requests to have her "passport returned to her so that she can go on an overseas work and personal trip." ECF No. 42 at 1. According to the defendant—despite not having possession of her passport—she has already planned international travel for a business trip, family wedding, and trip to Paris to fabric shop. *Id.* at 1 n.1. As of the filing of the defendant's motion, an itinerary has yet to be provided to her probation officer.

The government defers to U.S. Probation on the return of the defendant's passport.

III. <u>Conclusion</u>

For all of the forgoing reasons, as well as the reasons articulated in the government's sentencing memorandum, ECF No. 42, the government respectfully requests that the Court deny the defendant's motion.

                                                   Respectfully submitted,

                                                   MATTHEW M. GRAVES
                                                   United States Attorney
                                                   D.C. Bar No. 481052

By:  /s/ Nathaniel K. Whitesel
NATHANIEL K. WHITESEL
Assistant United States Attorney
DC Bar No. 1601102
601 D Street NW
Washington, DC 20530
nathaniel.whitesel@usdoj.gov
(202) 252-7759